IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH PETERS, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:25-cv-00632 |
| v. | ) |
| | ) Judge Trauger |
| RALPH ALVARADO and TENNESSEE | ) Magistrate Judge Holmes |
| DEPARTMENT OF HEALTH, *officials and agents*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Joseph Peters, a resident of Murfreesboro, Tennessee, filed a pro se complaint[1], alleging violations of his civil rights. (Doc. No. 1). The plaintiff filed this action "for declaratory and injunctive relief arising from the unconstitutional application of Tennessee food establishment permit laws to a Private Membership Association (PMA)…." (Id. at PageID# 1). He also alleges violations of due process and unlawful arrest. (Id.).

The plaintiff is the owner of Spooky's Pizza and Grill in Murfreesboro, Tennessee. (Doc. No. 1 at PageID# 1). According to the complaint, the plaintiff transitioned his business into a Private Membership Association in early 2024. (Id.). Months later, the Tennessee Department of

---

[1] On May 22, 2025, the plaintiff filed a Notice of Removal and an Emergency Motion for Temporary Injunctive Relief in Case Number 3:25-cv-00580 in this court, alleging the same facts and claims as alleged in the instant case. (*See id.*, Doc. Nos. 1, 2). By order entered on May 28, 2025, the court denied the plaintiff's Emergency Motion for Temporary Injunctive Relief in the earlier-filed case and remanded the action to the Chancery Court for the State of Tennessee, Twentieth Judicial District, Davidson County. (*Id.*, Doc. No. 6 at PageID# 739). On June 3, 2025, the plaintiff filed an Emergency Motion for Temporary Restraining Order in Case Number 3:25-cv-00580, and the court denied the plaintiff's motion on June 5, 2025. (*Id.*, Doc. No. 7, Doc. No. 8 at PageID# 750). The plaintiff filed the instant action the following day. (Doc. No. 1).

1

Health issued a closure notice to the plaintiff due to his business operating without a permit. (Id.; Doc. No. 1-1 at PageID# 6). The plaintiff was later arrested and detained for "19.5 hours." (Doc. No. 1 at PageID# 1; Doc. No. 11 at PageID# 103).

The plaintiff has filed a Motion for Temporary Restraining Order ("TRO Motion 1") (Doc. No. 3) and an Emergency Motion for Protective Order and Injunctive Relief ("TRO Motion 2") (Doc. No. 11). The court will review each TRO Motion individually as detailed below.

## I. STANDARD FOR TEMPORARY RESTRAINING ORDERS

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

## II. TRO MOTION 1 (DOC. NO. 3)

The plaintiff asks the court to grant his TRO Motion 1 "against the Defendants-officials and agents of the Tennessee Department of Health-to prevent further unconstitutional enforcement actions, arrest, or incarceration based on a lack of jurisdiction and ongoing violation of Plaintiff's constitutional rights." (Doc. No. 3 at PageID# 61). In support of TRO Motion 1, the plaintiff has

2

Case 3:25-cv-00632    Document 15    Filed 06/30/25    Page 2 of 7 PageID #: 140

filed what appears to be a memorandum in support titled, "Supplemental Emergency Notice in Support of Temporary Restraining Order" (Doc. No. 8) and two declarations. (Doc. Nos. 9, 10).

First, the court cannot rule on the plaintiff's TRO Motion 1 as submitted, as he failed to sign it. Federal Rule of Civil Procedure 11(a) requires that "every pleading, written motion, and other paper . . . be signed . . . by a party personally if the party is unrepresented." Thus, the TRO Motion 1 fails to comply with the signature requirement of Rule 11(a), and the court cannot consider the motion.

However, even if the plaintiff had signed his TRO Motion 1, it is not supported by an affidavit or verified complaint. [2] Additionally, the plaintiff has not carried his burden to show that he provided notice or the "reasons why [notice] should not be required" as mandated by Rule 65(b)(1)(B). *See Lane v. Pennymac Loan Servs., LLC*, No. 1:24-cv-1227-STA-jay, 2024 WL 5411524, at *6 (W.D. Tenn. Dec. 17, 2024) (denying TRO motion without prejudice because plaintiff had failed to certify in writing any efforts to give notice or the reasons why notice should not be required). That burden applies equally to pro se plaintiffs and represented parties' counsel. *See Harcrow v. Harcrow*, No. 3:18-cv-00828, 2018 WL 5112532, at *3 (M.D. Tenn. Oct. 19, 2018) (citing *Turner v. Clelland*, No. 1:15CV947, 2016 WL 1069665, at *3 (M.D.N.C. Mar. 16, 2016) (collecting cases); *Valladares v. Nationstar Mortg. LLC*, No. CV 15-8514-GW(GPSX), 2015 WL 12866245, at *3 (C.D. Cal. Nov. 5, 2015)).

Accordingly, the plaintiff's TRO Motion 1 (Doc. No. 3) is **DENIED WITHOUT PREJUDICE**.

---

[2] The plaintiff provided a Pro Se Declaration to the Court (Doc. No. 9) and a Declaration and Notice of Claim (Doc. No. 10). However, there is no indication that either document was signed under penalty of perjury. Therefore, neither is sufficient to operate as an affidavit.

# III. TRO MOTION 2 (DOC. NO. 11)

In the plaintiff's TRO Motion 2, the plaintiff requests the court to, among other things, issue a protective order barring the defendants from enforcing food establishment permit requirements on the plaintiff, incarcerating the plaintiff, and initiating or continuing their actions against the plaintiff regarding such food establishment permit laws. (Doc. No. 11 at PageID# 104-05). The plaintiff has filed multiple attachments in support of TRO Motion 2 (Doc. Nos. 11-1 to 11-10), as well as a Supplemental Declaration Regarding Lack of Territorial Jurisdiction (Doc. No. 12).

The plaintiff's TRO Motion 2 is deficient. It is supported neither by a memorandum of law nor by an affidavit or verified complaint[3]. Additionally, and similarly to TRO Motion 1, the plaintiff has not carried his burden to show that he provided notice to the defendants[4] or the "reasons why [notice] should not be required" as mandated by Rule 65(b)(1)(B). *See Lane*, 2024 WL 5411524, at *6. Therefore, the plaintiff's TRO Motion 2 (Doc. No. 11) is **DENIED WITHOUT PREJUDICE**.

---

[3] In support of his TRO Motion 2, the plaintiff provided multiple declarations (Doc. Nos. 11-5, 11-6, 11-7). However, there is no indication any of the declarations was signed under penalty of perjury. Therefore, they are not sufficient to operate as affidavits. The plaintiff filed separately a "Supplemental Declaration Regarding Lack of Territorial Jurisdiction", in which he attests that the statements in said document were made under penalty of perjury. (Doc. No. 12). However, the plaintiff's "Supplemental Declaration" does not meet the requirements for an affidavit or a verified complaint.

[4] The plaintiff alleges that he spoke with Deputy Singleton of the Rutherford County Sheriff's Office and, during said conversation, the plaintiff informed Deputy Singleton that the plaintiff had "filed a federal civil rights lawsuit in the U.S. District Court, Case No. 3:25-cv-[sic]0632, challenging the retaliatory nature of the enforcement actions taken against [him]" as well as an "Emergency Motion for Temporary Restraining Order." (Doc. No. 11-5 at PageID# 116). Deputy Singleton is not a named defendant in this case. Therefore, the plaintiff's statements to Deputy Singleton do not satisfy the notice requirement of Rule 65(b)(1)(B).

4

## IV. JURISDICTION

District courts have original jurisdiction of all civil matters "arising under the Constitution, laws, or treaties of the Unites States." 28 U.S.C. § 1331. The court's "review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint." *Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The complaint alleges that the defendants violated the plaintiff's due process rights in the "unconstitutional application of Tennessee food establishment permit laws to a Private Membership Association (PMA)…and unlawful arrest…based on administrative actions unsupported by jurisdiction or statutory authority." (Doc. No. 1 at PageID# 1). The plaintiff alleges the Tennessee Department of Health "initiated enforcement [of Tennessee food establishment permit laws], issued a closure notice, and pursued contempt orders based on statutes inapplicable to PMA structure." (Id.).

The complaint was not submitted on a form, but it appears that the plaintiff alleges a federal question based on allegations of an "unconstitutional application of Tennessee food establishment permit laws" and "violations of due process and unlawful arrest." (Doc. No. 1 at PageID# 1). This interpretation of the pro se complaint is buttressed by language in the plaintiff's TRO Motion 2,

where he provides legal bases for relief, including the 1st, 8th, and 14th Amendments, as well as 18 U.S.C. § 872. (Doc. No. 11 at PageID# 104). Although the facts in the complaint are scant, the plaintiff has successfully invoked the court's federal question jurisdiction.

Because the plaintiff paid the full civil filing fee (Doc. No. 1-3), there is no required screening of this pro se, non-prisoner complaint. Accordingly, the Clerk is **DIRECTED** to send the plaintiff a blank summons (AO 440) for each of the defendants. The plaintiff **MUST** complete the summonses and return them to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed summonses, the Clerk is **DIRECTED** to issue summonses to the plaintiff for service on the defendants. Fed. R. Civ. P. 4(b).

Having paid the civil filing fee, it is the plaintiff's responsibility to ensure that each of the defendants is served with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Resources for pro se litigants, including instructions for how to accomplish service of process, are available free of charge on the court's website as well as by request to the Clerk's Office so long as the privilege is not abused.

## V. CONCLUSION

The plaintiff's TRO Motion 1 (Doc. No. 3) and TRO Motion 2 (Doc. No. 11) are **DENIED WITHOUT PREJUDICE** to the plaintiff's ability to file a procedurally compliant motion and supporting documentation, if appropriate, as detailed above.

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if

necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge