IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOSEPH PETERS ) | |
| ) | |
| v. ) | Case No. 3:25-cv-00632 |
| ) | Trauger/Holmes |
| RALPH ALVARADO and TENNESSEE ) | |
| DEPARTMENT OF HEALTH, officials ) | |
| and agents ) | |

**TO:** Honorable Aleta A. Trauger United States District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered June 30, 2025 (Docket Entry No. 15), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings.

On June 6, 2025, Joseph Peters ("Plaintiff"), a resident of Murfreesboro, Tennessee, filed this lawsuit against the Tennessee Department of Health ("TDH") and Ralph Alvarado ("Alvarado"), the Commissioner of the TDH. *See* Complaint (Docket Entry No. 1). Plaintiff operated a pizza parlor in Murfreesboro and became embroiled in a dispute with the TDH after he chose not to renew the food service establishment permit with TDH when it expired in 2024. Ultimately, TDH began civil enforcement proceedings, obtained a state court injunction that required the business to cease operating until a permit was obtained, and petitioned the state court for an order of criminal contempt against Plaintiff, an order that was ultimately entered on May 21, 2025.

By his lawsuit, Plaintiff contends that the application of the permit laws to his establishment is unconstitutional, that his due process rights have been violated, and that he was

unlawfully arrested. As relief, he seeks (1) a declaratory judgment that the enforcement of Tennessee food establishment permit laws against his establishment is unconstitutional and (2) an order restraining Defendants from any further enforcement, arrest, or penalty. *Id*. at 2. In conjunction with his complaint, Plaintiff filed two motions for preliminary injunctive relief, a Motion for Temporary Restraining Order (Docket Entry No. 3) and an Emergency Motion for Protective Order and Injunctive Relief (Docket Entry No. 11). The motions were denied by the Court in the June 30, 2025, Order. *See* Docket Entry No. 15 at 6.

Because Plaintiff paid the filing fee, he was advised by the Court of his responsibility to ensure that Defendants were served with a summons and a copy of the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* June 30, 2025, Memorandum Opinion and Order at 2. By Order entered July 3, 2025 (Docket Entry No. 17), he was again advised by the Court that he is responsible for serving Defendants with process in accordance with Federal Rule of Civil Procedure 4 and that "[f]ailure to timely and properly serve process upon Defendants may result in the dismissal of this case." *Id*. at 3. The docket does not reflect either proof of service upon any Defendant or that any Defendant has appeared in this case.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 90 days have passed since the complaint was filed but there is no indication that

2

Defendants have been served with process in accordance with Rule 4. Because the time frame permitted under Rule 4(m) for obtaining service of process upon Defendants has lapsed, the plain language of Rule 4(m) requires that the case be dismissed without prejudice. Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules that are applicable to all litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, he specifically "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 Fed.App'x 285, 287 (6th Cir. 2001). He has not met this burden, and dismissal of the action is warranted under Rule 4(m). *See Walker v. Donahoe*, 528 Fed.App'x 439, 440-41 (6th Cir. 2013) (affirming the district court's decision to dismiss case because the plaintiff failed to timely perfect service).

## R E C O M M E N D A T I O N[1]

For the reasons set out above, the Court respectfully **RECOMMENDS** that this action be **DISMISSED without prejudice** under Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Rule 4(m) because of the lack of timely service, and the fourteen day period for filing objections provides him with the opportunity to show good cause for why dismissal is not warranted.

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

**Signed By:**
*J. Gregory Wehrman*
**United States Magistrate Judge**